**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Dawn Carl,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-23-00203-PHX-MTL<br><br>**ORDER** |

Plaintiff Elizabeth Dawn Carl ("Plaintiff") challenges the denial of her application for Disability Insurance Benefits and for Supplemental Security Income ("SSI") by Defendant Social Security Administration under Titles II and XVI the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with the Court seeking review of these claims. But in her Opening and Reply Briefs, Plaintiff only briefed and analyzed two issues related to the SSI claim for the Court's consideration. (Docs. 13, 16) As such, the Court only reviews the denial of the SSI claim. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (holding that issues presented without "a specific, cogent argument" are waived). The Court has reviewed the briefs (Docs. 13, 15, 16) and the Administrative Record (Docs. 9-10, "A.R."), and now affirms the Administrative Law Judge's ("ALJ") decision.

**I.    BACKGROUND**

Plaintiff filed an application for disability insurance benefits under Title II and SSI under Title XVI on May 15, 2020, for a period of disability beginning on February 5,

2020. (A.R. at 66, 78.) Plaintiff's applications were initially denied on May 20, 2020 (*id.* at 92-99), and upon reconsideration on April 19, 2021 (*id.* at 103-110). Thereafter, Plaintiff filed a request for a hearing, and a telephonic hearing was held on November 9, 2021. (*Id.* at 35-61.) The ALJ dismissed Plaintiff's disability insurance benefits application and denied her SSI application. (*Id.* at 18-29.) The Appeals Council denied Plaintiff's request for review. (*Id.* at 3-7). Plaintiff now seeks judicial review with this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c).

The Court has reviewed the record and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the following severe impairments: head injury with headaches and left knee injury. (*Id.* at 20.)

The ALJ dismissed Plaintiff's disability insurance benefits claim because the claim did not meet the period of disability and disability insurance benefit requirements under 42 U.S.C. §§ 416(i) and 423(a). (*Id.* at 18.) As for the SSI claim, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 21-23.) Next, the ALJ determined Plaintiff's residual functional capacity ("RFC").[1] The ALJ found:

> After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to perform sedentary work as defined in 20 CFR [§] 416.967(a) except no crawling, climbing of ladders or scaffolds, occasional crouching, kneeling or climbing stairs, rare (5% of day or less) stooping, and limited to simple work.

(*Id.* at 23.) Based on this RFC, the ALJ found Plaintiff capable of performing jobs such as assembler, document preparer, and telephone information clerk. (*Id.* at 28.) Ultimately, having reviewed the medical evidence and testimony, the ALJ concluded that Plaintiff was not disabled under § 1614(a)(3)(A) of the Social Security Act. (*Id.*)

---

[1] Residual functional capacity refers to the most a claimant can still do in a work setting despite his or her limitations. 20 C.F.R. § 416.945(a)(1).

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis*, 236 F.3d at 517 n.13. The Court may set aside the Commissioner's determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the entire record. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the entire record and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). The substantial evidence threshold "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 587 U.S. —, 139 S. Ct. 1148, 1157 (2019); *see also Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting substantial evidence "is an extremely deferential standard").

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 416.920(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(i), (b). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 416.920(a)(ii), (c). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 416.920(a)(iii), (d). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and

determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 416.920(a)(iv), (e). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(v), (f). If not, the claimant is disabled. *Id.*

## III.   DISCUSSION

Plaintiff raises two issues before the Court. First, Plaintiff contends that the ALJ failed to rely on any medical opinion evidence when making the physical RFC determination, making the determination unsupported by substantial evidence. (Doc. 13 at 11-18.) Second, Plaintiff argues that the ALJ failed to rely on any medical opinion evidence and to account for moderate limitations in concentration, persistence, or pace when making the mental RFC determination, making the determination unsupported by substantial evidence. (Doc. 13 at 18-25.)

### A.   Physical Determination

Plaintiff argues that when the ALJ found Dr. Charles Combs' opinion unpersuasive "the record lacked sufficient evidence necessary" to make Plaintiff's physical RFC determination.[2] (Doc. 13 at 12-13.) Specifically, Plaintiff argues that the ALJ erred by excluding the "only medical opinion" and relying on his own "layperson interpretation of raw medical evidence." (*Id.* at 14.) The Court disagrees.

In 2017, the Commissioner revised the regulations for evaluating medical evidence for all claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). As Plaintiff's claim was filed after the effective date, the revised rules apply. (A.R. at 66, 78.) Unlike the old regulations, the revised rules do not require an ALJ to defer to the opinions of a treating physician nor assign every medical opinion a specific evidentiary

---

[2] Plaintiff's argument challenges the ALJ's findings even though these findings were more favorable for Plaintiff than the limitations Dr. Combs assessed. (*Compare* A.R. at 23, *with id.* at 27, 84-86.)

weight. 20 C.F.R. § 416.920c(a).

The revised rules instead require the ALJ to consider all opinion evidence and determine the persuasiveness of each medical opinion's findings based on factors outlined in the regulations. 20 C.F.R. § 416.920c(a)-(b). The most important factors considered by an ALJ are "consistency" and "supportability." *Id.* § 416.920c(b)(2). The regulations provide supportability as "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical findings." *Id.* § 416.920c(c)(1). In contrast, consistency means "[t]he more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be." *Id.* § 416.920c(c)(2). Lastly, the ALJ may also consider, to a lesser degree, other factors, such as the length and purpose of the treatment relationship, the kinds of examinations performed, and whether the medical source examined the claimant. *Id.* § 416.920c(b)(3).

The Ninth Circuit has held that the revised rules clearly intended to abrogate its precedent requiring ALJs to provide "specific and legitimate reasons" for rejecting a treating physician's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citation omitted). Nevertheless, "[e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id.* Therefore, an ALJ, "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *Id.* (quoting 20 C.F.R. § 404.1520c(b), (b)(2)) (internal citation omitted).

The ALJ's finding that Dr. Combs' opinion was inconsistent with the weight of the evidence in the record is supported by substantial evidence. Here, the ALJ concluded that Dr. Combs' opinion contradicted the Plaintiff's record of "objective evidence of radiographic scans, physical neurological examinations, and follow-up treatment notes,

- 5 -

which showed [Plaintiff's] severe physical knee condition." (A.R. at 27.) The ALJ found Dr. Combs' conclusion that Plaintiff "could do light exertional work with occasional pushing and pulling with the left lower extremity, occasional postural activity, except no climbing of ladders, ropes, or scaffolds" was unsupported by the underlying records, which showed Plaintiff could only perform sedentary work under 20 C.F.R.§ 416.967(a). (*Id*. at 23, 27.)

Plaintiff's argument that the ALJ relied on his own "layperson" interpretation of the medical records is unfounded. (*See* Doc. 15 at 7; Doc. 13 at 14.) The ALJ's analysis here is unlike cases where an ALJ interpreted raw medical data to reach a conclusion that no other physician did. *See, e.g.*, *Howell v. Kijakazi*, No. 20-CV-2517-BLM, 2022 WL 2759090, \*7-\*8 (S.D. Cal. July 14, 2022) (holding that an ALJ erred by interpreting raw medical data, such as MRIs, radiology studies, and x-rays, to find Plaintiff's functional capabilities rather than rely on medical opinions). Instead, the ALJ cited multiple treating physician notes when reaching his conclusion. (A.R. at 27.) For example, the ALJ considered Dr. Todd Runyan's notes, which identified Plaintiff's "chronic knee plain and mobility deficits" that create "difficulty bending and extending the knee" and the ability to stand for more than five minutes or walk more than 10 minutes. (*Id.* at 25, 27, 602.) The ALJ also cited Nurse Practitioner Yesenia Gianaros' evaluation and treatment notes, which identified Plaintiff's decreased range of motion in her left knee. (*Id.* at 25, 27, 559-63.) The ALJ also considered Dr. Samar Tawakkol's assessment that Plaintiff's left knee's range of motion was limited to about 85 to 90 degrees. (*Id.* at 25, 27, 682.) The ALJ therefore supported his conclusion that Dr. Combs' opinion was unpersuasive with substantial evidence.

The ALJ properly assessed Plaintiff's physical RFC. The responsibility of determining RFC falls on the ALJ, not the physician. *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). The ALJ considers a claimant's ability to meet physical and mental demands, sensory requirements, and other functions. *See* 20 C.F.R. § 416.945(b)-(d). An ALJ's responsibility includes "translating and incorporating clinical findings into a

succinct RFC." *Rounds v. Comm'n Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). The ALJ found Plaintiff possessed the RFC "to perform sedentary work as defined in 20 C.F.R. [§] 416.967(a) except no crawling, climbing of ladders or scaffolds, occasional crouching, kneeling or climbing stairs, rare (5% of day or less) stooping." (A.R. at 23.) Under 20 C.F.R. § 416.967(a), "sedentary work" involves occasional walking and standing and "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." *Id.* As discussed, the ALJ rejected Dr. Combs' opinion when the opinion conflicted with the record of objective test results and other medical records, including treating physician's notes (A.R. at 23-27). *See Magallanes v. Bowen*, 881 F.2d 747, 751-52 (1989). Instead, the ALJ determined that the record reflected that Plaintiff's knee pain would limit her standing and walking, which validated limiting Plaintiff to sedentary work rather than Dr. Combs' recommendation of "light exertional work." (A.R. at 27.) The ALJ outlined the Plaintiff's entire medical record, documenting and citing test results, physician's notes, and other medical records, to reach this conclusion. (*Id.* at 20-28.) As Defendant points out (Doc. 15 at 10), the ALJ's findings were *more* restrictive than the limitations that Dr. Combs assessed. *See* 20 C.F.R. § 416.967(a) (defining "light work" as a job that "requires a good deal of walking or standing" and "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighting up to 10 pounds"). No harm exists in the "overinclusion of debilitating factors." *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) ("However, this overinclusion of debilitating factors is harmless simply because if a person can do a job that requires increased concentration, the claimant is also capable of performing work that requires less concentration.").

The Court therefore finds that the ALJ's physical RFC determination is supported by substantial evidence and free from legal error.

**B.  Mental Impairments**

Plaintiff argues that the ALJ erred by not finding Drs. E. Campbell, Ralph Mertens, and David Beil-Adaskin persuasive when making Plaintiff's mental RFC

determination.[3] (Doc. 13 at 18-20.) Specifically, Plaintiff argues that the ALJ erred by "rejecting the only available medical opinion evidence" and "improperly interpreting the raw medical evidence." (*Id.* at 20.) In addition, Plaintiff claims that ALJ erred by failing to "adequately account for his own findings that Plaintiff has moderate limitations in concentration, persistence, and pace into his RFC, without explanation." (*Id.* at 23.) The Court disagrees.

When evaluating mental impairment severity, the ALJ must follow a two-step procedure. *See* 20 C.F.R. § 416.920a(a). The first step requires evaluating a claimant's "pertinent symptoms, signs, and laboratory findings" to find if the claimant has a medically determined impairment. *Id.* § 416.920a(b)(1). In doing so, the ALJ must also "specify the symptoms, signs, and laboratory findings that substantiate the presence of [each determined] impairment and document [the] findings . . . . " *Id.*

The second step involves the ALJ rating "the degree of functional limitation resulting from [claimant's] impairment." 20 C.F.R. § 416.920a(b)(2). This process varies case-by-case. For every claimant, the ALJ must consider all relevant evidence and determine the degree that the claimant's "ability to function independently, appropriately, effectively, and on a sustained basis" is hindered by his or her mental impairment. *Id.* § 416.920a(c). The ALJ does this by rating the claimant's degree of functional limitation in four areas: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." *Id.* The rating system is based on a five-point scale: "None, mild, moderate, marked, and extreme." *Id.* Beyond this determination, an "ALJ [is] not required to make any more specific findings of the claimant's functional limitations." *Hoopai v. Astrue*, 499 F.3d 1071, 1077-78 (9th Cir. 2007). Next, the ALJ determines the severity of the mental impairment. *See* 20 C.F.R. § 416.920a(d). During this process, to explain and record his or her administrative review, an ALJ must provide the proper documentation including a standard document

---

[3] Plaintiff's argument challenges the ALJ's findings even though these findings were more favorable for Plaintiff than the limitations assessed by Drs. Campbell, Mertens, and Beil-Adaskin. (*Compare* A.R. at 23, *with id.* at 27, 73-74, 79-84, 721.)

accounting how the technique was applied. *See id.* § 416.920a(e). Later reviews by written decision must also "document application of the technique." *See id.*

The ALJ's finding that Drs. Campbell's, Mertens', and Beil-Adaskin's opinions were inconsistent with the weight of the evidence in the record is supported by substantial evidence. Drs. Campbell and Mertens classified Plaintiff's mental limitations as "non-severe conditions, with only mild limitations in understand, remember, or apply information and concentrate, persist, or maintain pace." (A.R. at 26, 73-74, 81-82.) Dr. Beil-Adaskin concluded that Plaintiff had "no severe mental limitations." (*Id.* 26-27, 721.) Here, the ALJ found Drs. Campbell's, Mertens', and Beil-Adaskin's opinions unpersuasive because the "objective evidence of radiographic scans, physical and neurological examinations, and follow-up notes" supported a severe mental condition limiting Plaintiff to "simple work." (*Id.* at 27.)

Plaintiff's argument that the ALJ relied on his own interpretation of "raw medical records" is unfounded. (*See* Doc. 15 at 9; Doc. 13 at 20.) The ALJ cited multiple treating physician notes when reaching his conclusion. (A.R. at 22, 27.) For example, the ALJ cited Ms. Gianaros' treatment plan, which identified continued follow-up and treatment for Plaintiff's post-concussion recovery included avoiding activities that required prolonged concentration and attention. (*Id.* at 26-27, 554.) The ALJ also cited Dr. Kendra Foreman's and Dr. B. Aluri's notes, which both indicate Plaintiff suffered memory problems from her head injury. (*Id.* at 26-27, 730, 736.) This analysis is consistent with the ALJ's finding earlier in the decision that the medical record only supported Plaintiff's head injury with headaches as a severe impairment and all other mental conditions as non-severe (*see id.* at 20, 22). *See Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (holding that district court did not err when it reviewed "*all* the pages of the ALJ's decision" to find that the ALJ findings were supported by substantial evidence (emphasis in original)). Specifically, the ALJ concluded that Plaintiff's post-concussion syndrome with headaches resulted in moderate limitations in concentration. (*Id.* at 22-23.) The ALJ therefore supported his conclusion that Drs. Campbell's, Mertens', and Beil-Adaskin's

opinions were unpersuasive with substantial evidence. *See Magallanes*, 881 F.2d at 755 (concluding substantial evidence existed when the ALJ "summarized the facts and conflicting clinical evidence in a detailed and through fashion, stating his interpretation and making findings").

The ALJ properly accounted for his own findings that Plaintiff has moderate limitations in concentration, persistence, and pace into the RFC determination. *See Rounds*, 807 F.3d at 1006. The ALJ found Plaintiff possessed in relation to her mental impairment an RFC "limited to simple work." (A.R. at 23.) As discussed, the ALJ outlined the Plaintiff's entire medical record to come to this conclusion. (*Id.* at 20-28.) If the ALJ had followed the recommendations of Drs. Campbell, Mertens, and Beil-Adaskin, the Plaintiff would likely be considered to perform "basic work" rather than "simple work." *See* 20 C.F.R. § 416.922(a) (defining non-severe impairment as "[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do *basic work activities*" (emphasis added)). Instead, the ALJ's RFC was *more* restrictive, accounting for her moderate limitations in concentration, persistence, and pace. *See, e.g.*, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (affirming ALJ's RFC determination limiting claimant to "simple tasks" for a claimant with deficiencies in concentration, persistence, and pace). Also, no harm exists in the "overinclusion of debilitating factors." *See Johnson*, 60 F.3d at 1436 n.9. Based on a review of the record, the Court therefore concludes that the ALJ's RFC finding properly incorporated Plaintiff's moderate limitations. *See Stubbs-Danielson*, 539 F.3d at 1174 ("This represents the type of credibility determination charged to the ALJ which we may not disturb where, as here, the evidence reasonably supports the ALJ's decision.").

The Court therefore finds that the ALJ's mental impairment determination is supported by substantial evidence and free from legal error.

. . .

. . .

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED affirming** the January 24, 2022 decision by the Administrative Law Judge and the Commissioner of the Social Security Administration (AR at 18-29).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 6th day of October, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge